IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY JOHN WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-097 |
| | ) | |
| WARDEN PHILBIN; CLIFFORD BROWN, | ) | |
| Unit Manager; and FNU FLUKER. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

When determining whether a prisoner has accumulated three strikes, "district courts must *independently* evaluate prisoners' prior dismissals to determine whether there are three strikes." Fourstar v. Garden City Group, Inc., 875 F.3d 1147, 1152 (D.C. Cir. 2017); see also Dooley v. Wetzel, 957 F.3d 366, 377 (3d Cir. 2020) (explaining district courts should set forth reasons for dismissal to assist subsequent courts in determining whether inmate is barred from proceeding IFP by PLRA's three strikes rule); Deleon v. Doe, 361 F.3d 93, 95 (2d Cir. 2004) (same). The district court must evaluate whether "the prisoner has brought three cases that were dismissed for failure to state a claim, or as frivolous or malicious." Fourstar, 875 F.3d at 1153.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff states he has had one previous case dismissed based on the three strikes rule in § 1915(g). (Doc. no. 12, p. 8.) However, a review of Plaintiff's history of filings confirms he has brought at least three cases that were dismissed and count as strikes: (1) Wells v.

2

Sterling, et al., Civ. Act. No. 6:15-CV-1344 (D.S.C. Mar. 31, 2016) (dismissed for failure to exhaust administrative remedies)[1]; (2) Wells v. Avery County Sherriff's Office, Civ. Act. No. 1:13-CV-0055-RJC (W.D.N.C. Apr. 30, 2013) (dismissed for failure to exhaust administrative remedies); and (3) Wells v. Cook, Civ. Act. No. 1:11-cv-324-RJC (W.D.N.C. Mar. 27, 2012) (dismissed for failure to state a claim).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the amended complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff complains correctional staff failed to prevent an assault on June 14th despite notice of extortion and threats.  (Doc. no. 12, p. 12.)  He also asserts Defendant Fluker was deliberately indifferent to his serious medical needs by delaying medical treatment for Plaintiff's eye by sixteen hours.  (Id.)  Notably, Plaintiff does not allege he has been denied

---

[1] In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera, 144 F.3d at 731; see also Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*) (same).

3

medical care or has been adversely affected by the delay in medical treatment such that he is in imminent danger.

Additionally, Plaintiff explains he filed his original complaint on July 6, 2020 because he feared additional assaults by gang members. However, allegations of past physical injury are insufficient to satisfy the imminent danger exception. Medberry, 185 F.3d at 1193. Further a statement Plaintiff feared harm a month before he filed this amended complaint without specific allegations that an injury is imminent or threatened does not satisfy the imminent danger exception. See Odum v. Bryan Cnty, Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

In sum, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED** and this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 12th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA