IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JEREMY JOHN WELLS,                     )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )          CV 120-097
                                       )
WARDEN PHILBIN; FNU BROWN,             )
Unit Manager; and FNU FLUKER,          )
Correction Officer,                    )
                                       )
            Defendants.                )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 20.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff has three strikes under 28 U.S.C. § 1915(g). Plaintiff argues the Magistrate Judge incorrectly assigned strikes to two of Plaintiff's previous cases because they "proceeded well beyond" an initial screening, and therefore, do not count as strikes under the Prison Litigation Reform Act ("PLRA"). (Id.).

As the Magistrate Judge noted in the R&R, Plaintiff's three strikes derive from one dismissal for failure to state a claim, another dismissal at the pleadings stage for failure to exhaust administrative remedies, and a third dismissal at summary judgment for failure to exhaust administrative remedies. (Doc. no. 18, pp. 2-3). It is of no consequence that the third case reached the summary judgment stage for two reasons. First, in the Eleventh Circuit, "dismiss[al] for failure to exhaust administrative remedies . . . counts as a strike."

White v. Lemma, 947 F.3d 1373, 1379.  Second, a motion for summary judgment on the affirmative defense of failure to exhaust is the equivalent of a motion to dismiss.  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (finding exhaustion affirmative defense at summary judgment equivalent to motion to dismiss); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) ("[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted); Fedd v. Johnson, No. 5:20-CV-069, 2020 WL 5922114 (S.D. Ga. Oct. 6, 2020) (counting as strike previous grant of motion to dismiss for failure to exhaust).  Therefore, the Magistrate Judge correctly found Plaintiff has three strikes under § 1915(g).

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed *in forma pauperis*, (doc. no. 2), **DISMISSES** this action without prejudice, and **CLOSES** this civil action.

SO ORDERED this ___18th___ day of December, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2