IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY JOHN WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-097 |
| | ) | |
| WARDEN PHILBIN; CLIFFORD BROWN, | ) | |
| Unit Manager; and FNU FLUKER, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Dooley State Prison in Unadilla, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place at Augusta State Medical Prison in Augusta, Georgia.

**I.     SCREENING THE AMENDED COMPLAINT**

    **A.     PROCEDURAL BACKGROUND**

On November 12, 2020, the Court reported and recommended Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and his amended complaint be dismissed because Plaintiff had three strikes under § 1915(g) and he did not qualify for the imminent danger exception. (Doc. nos. 17, 18.) Plaintiff objected, contending he did not have three strikes, because two of his cases proceeded past the Report and Recommendation stage and were later lost on grounds different than what is considered a "strike" under the Prisoner Litigation Reform Act. (Doc. no. 20.) On December 18, 2020, Chief Judge J. Randal Hall overruled

Plaintiff's objections and adopted the Report and Recommendation, thus closing the case. (Doc. no. 21.)

Plaintiff appealed to the Eleventh Circuit Court of Appeals arguing the same contention as his objections, (doc. no. 24), and on February 3, 2023, the Eleventh Circuit reversed the dismissal and remanded the case for further proceedings consistent with its opinion. (Doc. no. 33.) The Eleventh Circuit held one of Plaintiff's strikes, a summary judgment case, fell outside the "strike zone" because it relied on evidence outside the face of the complaint, therefore, it could not have been a dismissal for failure to state a claim. (Id. at 29.) Thus, the district court erred in denying Plaintiff's IFP motion and dismissing his amended complaint under the three-strikes rule. (Id.)

Because the three-strikes rule did not apply to Plaintiff at the time of the filing of his case, Plaintiff is entitled to proceed IFP. (Doc. no. 2.) Because Plaintiff is proceeding *pro se* and IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

B.   **FACTUAL BACKGROUND**

In his amended complaint, Plaintiff names as Defendants: (1) Warden Edward Philbin, (2) Unit Manager Clifford Brown, and (3) FNU Fluker. (Doc. no. 12, p. 3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Around the beginning of June 2020, Defendant Philbin was told of two inmate gang members extorting, selling drugs to, and beating inmates. (Id. at 12.) Defendant Philbin became aware through two letters: one sent by Plaintiff and one sent by inmate Allen Romero.

(Id.)  Plaintiff also told Defendant Brown about the same two inmates.  (Id.)  Defendants Philbin and Brown did not act.  (Id.)  Nine days later, Plaintiff was injured by the two inmates.  (Id.)  After the attack, Defendant Fluker saw Plaintiff and asked him what happened.  (Id.)  Plaintiff told Defendant Fluker he "got poked in the eye."  (Id.)  Plaintiff did not receive medical care until sixteen hours later.  (Id.)  Plaintiff requests compensatory and punitive damages.  (Id. at 5.)

C. **DISCUSSION**

1. **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails To State a Valid Failure to Protect Claim Against Defendants Philbin and Brown

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time

4

a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

5

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges Defendants did not act after he told them about two inmate gang members who were extorting, selling drugs to, and beating inmates, and thus, failed to protect him. (Doc. no. 12, p. 12.) However, Plaintiff does not allege Defendants knew of any specific threats to Plaintiff or that the alleged extortions or beatings had anything to do with Plaintiff. Furthermore, Plaintiff does not provide any facts suggesting the two inmates knew Plaintiff spoke with Defendants or that Defendants had advance knowledge Plaintiff would be in danger or injured in any way. There was no deliberate indifference here, as Defendants were unaware of any substantial risk to Plaintiff. Thus, Plaintiff fails to state a claim against Defendants Philbin and Brown.

### 3. Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendant Fluker

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam). To satisfy the objective component regarding a serious medical need, a prisoner must

allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

While Plaintiff was injured by two inmates, Plaintiff does not describe or allege any specific facts to suggest Defendant Fluker personally rendered or failed to render required medical

7

treatment.  (See generally doc. no. 12.)  Plaintiff only once mentions Defendant Fluker, when Defendant asked him what happened, and Plaintiff told Defendant he was "poked in the eye."  (Id. at 12.)  Plaintiff fails to connect Defendant Fluker with any acts or omissions.  For these reasons, Plaintiff fails to state a claim against Defendant Fluker.

####    4.    Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing the above-captioned Defendants in their individual and official capacities.  (Doc. no. 12, pp. 2-3.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA